***EFILED***
Case Number 2018L 001331
Date: 10/5/2018 11:07 AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| GEAROLD R. STINE | ) | 2018L 001331 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. ____-L-____ |
| | ) | |
| HOMAN TRUCKING, LLC and | ) | |
| IKE R. ROSE | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### COUNT I

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the defendants, Homan Trucking, LLC ("HTL") and Ike R. Rose, states as follows:

1.      That the plaintiff herein Gearold R. Stine, was in Madison County, Illinois, on November 16, 2016, when the collision herein occurred.

2.      That the defendant, HTL, is a corporation with its principal place of business in Bonduel, Wisconsin. Said defendant regularly operates in Illinois and has ICC authority to operate in Illinois.

3.      That the defendant, Ike R. Rose, was in Madison County in the State of Illinois at the aforesaid time and was operating a tractor trailer owned, registered and/or under the logo or ICC numbers of defendant, HTL.

4.      That at all times relevant hereto the defendant, Ike R. Rose ("Rose"), was acting in the scope of his duties as an employee and/or agent for HTL.

EXHIBIT
A

5.      That at the above time and place in Madison County, Illinois the plaintiff was operating his motor vehicle in an easterly direction on I-70 near the Highland, Illinois, rest area.

6.      That at the aforesaid time and place the defendant, Rose, was operating a transport trailer to the rear of plaintiff and other vehicles.

7.      That at the aforesaid time and place the transport trailer operated by Rose bore the following logo/placard "Homan Trucking, LLC" and USDOT 761355.

8.      That based upon the above the defendant, Rose, owed a duty to plaintiff to operate the tractor-trailer with due regard and care for the safety of plaintiff and others similarly situated.

9.      That in violation of the aforesaid duty the defendant, Jackson, committed one or more of the following negligent acts or omissions:

   a)      failed to keep a proper lookout;

   b)      failed to operate his vehicle at a reasonable speed in violation of 625 ILCS 5/11-606(a)

   c)      failed to yield the right of way to plaintiff's vehicle
           in violation of 625 ILCS 5/11-902;

   d)      failed to keep a proper lookout;

   e)      drove his automobile in a reckless manner in violation of 625
           ILCS 5/11-503;

   f)      drove his automobile at a speed which is greater than is
           reasonable and proper with regard to traffic conditions and
   the use                                   of the highway, or endangers the safety of
   any person or property                           in violation of 625 ILCS
   5/11-601;

   g)      failed to sound an audible horn warning in violation of 625 ILCS
           5/12-601;

h)      failed to reduce speed to avoid colliding with other vehicles in
        violation of 625 ILCS 5/11-601;

i)      followed too closely the vehicle of Plaintiff and/or the vehicle in
        front of him in violation of 625 ILICS 5/11-710;

j)      engaged in distracting behavior such as using a wireless telephone
        in or near construction zone in violation of 625 ILCS 5/12-610.1(e)
        and/or texting while driving in violation of 625 ILCS 6/12-610.2.

k)      operated a motor vehicle which was in such unsafe condition as to
endanger the person or property of others in violation of 625 ILCS 5/12-101; and/or

l)      operated a motor vehicle without proper brakes in violation of 625
ILCS 5/12-301

10.     That as a direct and proximate result of the above, the vehicle operated by

Rose collided with the vehicle operated by plaintiff, Gearold R. Stine.  Plaintiff there and

then experienced severe pain, suffering, mental anguish and property damage.  Plaintiff

has incurred and shall continue to incur medical charges.  Plaintiff has lost wages and

income and such losses continue.  Plaintiff suffered loss of normal life.  Plaintiff's pain and

suffering continues.  Further, Defendants' denial of liability has caused mental stress to

Plaintiff.  Plaintiff's injuries are such that convalescent care may be required in the future.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the

defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND

DOLLARS ($50,000.00) and for costs of this action.

## COUNT II

1-10.   Plaintiff repeats, realleges and incorporates herein by reference Paragraph

1-10 of Count I as Paragraphs 1-10 of this Count.

11.    That at all times relevant hereto one or both of the Defendants were aware the truck Rose was operating was in an unsafe condition and that the continued operation of that vehicle on interstate highways posed an extreme hazard to the motoring public in general.

12.    That, notwithstanding the above, Rose continued to operate the truck on the interstate highway in a willful and wanton disregard of the safety of others. Rose engaged in such horrendous act to avoid calling for and incurring the cost of a wrecker and/or to avoid the downtime necessary to park the vehicle while awaiting repairs or towing. Defendants thereby placed their own concerns and/or the company's financial concerns over the safety of others in conscious disregard of the safety of the motoring public. HTL's manager(s) were aware of such unsafe conditions.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action. Plaintiff further seeks punitive damages for Defendants' behavior.

Respectfully Submitted,

**WENDLER LAW, P.C.**

By: *Brian M. Wendler*

Brian M. Wendler #06196124
Angie M. Zinzilieta #6322894
Paul E.H. Rademacher #6324529
900 Hillsboro, Suite 10
Edwardsville, IL 62025
Ph: (618) 692-0011
Fax: (618) 692-0022
Email: wendlerlawpc@gmail.com

***EFILED***
Case Number 2018L 001331
Date: 10/5/2018 11:07 AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| **GEAROLD R. STINE** | ) | 2018L 001331 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____-L-_____ |
| | ) | |
| **HOMAN TRUCKING, LLC and** | ) | |
| **IKE R. ROSE** | ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY OF APPEARANCE

NOW COMES Brian M. Wendler, Angie Zinzilieta, and Paul Rademacher, of Wendler

Law, P.C., and enter their appearance on behalf of the Plaintiff, Gearold R. Stine.

Respectfully submitted,
**WENDLER LAW, P.C.**

By: _Brian M. Wendler_
Brian M. Wendler #6196124
Angie Zinzilieta, #6322894
Paul E.H. Rademacher #6324529
900 Hillsboro, Suite 10
Edwardsville, IL  62025
Ph:    (618) 692-0011
Fax:   (618) 692-0022

1

***EFILED***
Case Number 2018L 001331
Date: 10/5/2018 11:07 AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| GEAROLD R. STINE | ) | 2018L 001331 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____-L-_____ |
| | ) | |
| HOMAN TRUCKING, LLC and | ) | |
| IKE R. ROSE | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATION OF CASE VALUE

I, Brian M. Wendler, do hereby certify pursuant to the Supreme Court Rules that in my estimation based upon a review of the facts available the value of this action exceeds $50,000.

Respectfully submitted,

WENDLER LAW, P.C.

By: _Brian M Wendler_
Brian M. Wendler #6196124
Angie M. Zinzilieta #6322894
Paul Rademacher #6324529
900 Hillsboro, Suite 10
Edwardsville, IL 62025
Phone: (618) 692-0011
Fax:    (618) 692-0022
*Attorneys for Plaintiff*

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| **GEAROLD R. STINE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | 2018L 001331 |
| **vs.** | ) | **Case No.** ____-L-____ |
| | ) | |
| **HOMAN TRUCKING, LLC and** | ) | |
| **IKE R. ROSE** | ) | |
| | ) | |
| **Defendants.** | ) | |

### SUMMONS

To the defendant: **HOMAN TRUCKING, LLC**, N4632 Broadway Road, Bonduel, Wisconsin, 54107.

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your

appearance, in the office of the clerk of this court <u>MADISON COUNTY, EDWARDSVILLE,</u>

Illinois, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other persons to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

WITNESS _____ 10/12/2018 _____ , 20 ____ .
/s/ Mark Von Nida

(Seal of court)

Clerk of Court
/s/ Donna Finch

Associate Circuit Clerk-Deputy

Name: Brian M. Wendler
Attorney for: Gearold R. Stine
Address: 900 Hillsboro Ave., Suite 10
City: Edwardsville
Telephone: 618-692-0011

Date of Service: _____ , 20 ____ .

(To be inserted by officer on copy left with defendant or other person)

### SHERIFF'S FEES

Service and return . . . . . . . . . . . . . . . . . . . . . . $ _____

Miles _____

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal):

By leaving a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Date of Service |
|---|---|
| | |
| | |
| | |
| | |
| | |

(b) - (Individual Defendants- abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of the family, or a person residing there, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his or her usual place of abode, as follows:

| Name of Defendant | Person W/ Whom Left | Date of Service | Date of Mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

(c) - (Individual Defendants- Personal):

By leaving a copy and a copy of the complaint with the registered agent, officer or agent, officer or agent of each defendant corporation, as follows:

| Defendant Corporation | Registered Agent, Officer or Agent | Date of Service |
|---|---|---|
| | | |
| | | |

(d) - (Other Service):

_____ , Sheriff of _____ County

By _____ , Deputy

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

FILED

NOV 1 9 2018

CLERK OF CIRCUIT COURT #11
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

GEAROLD R. STINE )
)
Plaintiff, )
)
vs. )        Case No. 2018-L-1331
)
HOMAN TRUCKING, LLC and )
IKE R. ROSE )
)
Defendants. )

## ORDER

Plaintiff's Amended Motion For Leave To File Second Amended Complaint is presented

and granted. The Second Amended Complaint is deemed filed. Summons to issue to Homan &

Company, Inc., and to A.B.C.D. Transportation Co., Inc.

_11/19/18_
Date

_Enter_

1

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

FILED

NOV 19 2018

CLERK OF CIRCUIT COURT #11
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

GEAROLD R. STINE                                )
                                                )
        Plaintiff,                              )
                                                )
vs.                                             )        Case No. 2018-L-1331
                                                )
HOMAN TRUCKING, LLC,                            )
IKE R. ROSE,                                    )
HOMAN & COMPANY, INC. and                       )
A.B.C.D. TRANSPORTATION CO., INC.)
                                                )
        Defendants.                             )

## SECOND AMENDED COMPLAINT

### COUNT I

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the

defendants, Homan Trucking, LLC ("HTL") and Ike R. Rose, states as follows:

1.    That the plaintiff herein Gearold R. Stine, was in Madison County, Illinois,

on November 16, 2016, when the collision herein occurred.

2.    That the defendant, HTL, is a corporation with its principal place of

business in Bonduel, Wisconsin. Said defendant regularly operates in Illinois and has ICC

authority to operate in Illinois.

3.    That the defendant, Ike R. Rose, was in Madison County in the State of

Illinois at the aforesaid time and was operating a tractor trailer owned, registered and/or

under the logo or ICC numbers of defendant, HTL.

4.    That at all times relevant hereto the defendant, Ike R. Rose ("Rose"), was

acting in the scope of his duties as an employee and/or agent for HTL.

5.      That at the above time and place in Madison County, Illinois the plaintiff was operating his motor vehicle in an easterly direction on I-70 near the Highland, Illinois, rest area.

6.      That at the aforesaid time and place the defendant, Rose, was operating a transport trailer to the rear of plaintiff and other vehicles.

7.      That at the aforesaid time and place the transport trailer operated by Rose bore the following logo/placard "Homan Trucking, LLC" and USDOT 761355.

8.      That based upon the above the defendant, Rose, owed a duty to plaintiff to operate the tractor-trailer with due regard and care for the safety of plaintiff and others similarly situated.

9.      That in violation of the aforesaid duty the defendant, Rose, committed one or more of the following negligent acts or omissions:

    a)      failed to keep a proper lookout;

    b)      failed to operate his vehicle at a reasonable speed in violation of 625 ILCS 5/11-606(a)

    c)      failed to yield the right of way to plaintiff's vehicle in violation of 625 ILCS 5/11-902;

    d)      failed to keep a proper lookout;

    e)      drove his automobile in a reckless manner in violation of 625 ILCS 5/11-503;

    f)      drove his automobile at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property in violation of 625 ILCS 5/11-601;

    g)      failed to sound an audible horn warning in violation of 625 ILCS 5/12-601;

h)   failed to reduce speed to avoid colliding with other vehicles in violation of 625 ILCS 5/11-601;

i)   followed too closely the vehicle of Plaintiff and/or the vehicle in front of him in violation of 625 ILICS 5/11-710;

j)   engaged in distracting behavior such as using a wireless telephone in or near construction zone in violation of 625 ILCS 5/12-610.1(e) and/or texting while driving in violation of 625 ILCS 6/12-610.2.

k)   operated a motor vehicle which was in such unsafe condition as to endanger the person or property of others in violation of 625 ILCS 5/12-101; and/or

l)   operated a motor vehicle without proper brakes in violation of 625 ILCS 5/12-301

10.   That as a direct and proximate result of the above, the vehicle operated by Rose collided with the vehicle operated by plaintiff, Gearold R. Stine. Plaintiff there and then experienced severe pain, suffering, mental anguish and property damage. Plaintiff has incurred and shall continue to incur medical charges. Plaintiff has lost wages and income and such losses continue. Plaintiff suffered loss of normal life. Plaintiff's pain and suffering continues. Further, Defendants' denial of liability has caused mental stress to Plaintiff. Plaintiff's injuries are such that convalescent care may be required in the future.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.

## COUNT II

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the defendants, Homan Trucking, LLC ("HTL") and Ike R. Rose, states as follows:

1-10.    Plaintiff repeats, realleges and incorporates herein by reference Paragraph 1-10 of Count I as Paragraphs 1-10 of this Count.

11.    That at all times relevant hereto one or both of the Defendants were aware the truck Rose was operating was in an unsafe condition and that the continued operation of that vehicle on interstate highways posed an extreme hazard to the motoring public in general.

12.    That, notwithstanding the above, Rose continued to operate the truck on the interstate highway in a willful and wanton disregard of the safety of others.  Rose engaged in such horrendous act to avoid calling for and incurring the cost of a wrecker and/or to avoid the downtime necessary to park the vehicle while awaiting repairs or towing. Defendants thereby placed their own concerns and/or the company's financial concerns over the safety of others in conscious disregard of the safety of the motoring public. HTL's manager(s) were aware of such unsafe conditions.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.  Plaintiff further seeks punitive damages for Defendants' behavior.

## COUNT III

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the defendants, Homan & Company, Inc., ("HCI",) and Ike R. Rose, states as follows:

1.    That the plaintiff herein Gearold R. Stine, was in Madison County, Illinois, on November 16, 2016, when the collision herein occurred.

2.      That the defendant, HCI, is a corporation with its principal place of business in Marquand, Missouri. Said defendant regularly operates in Illinois and has ICC authority to operate in Illinois.

3.      That the defendant, Ike R. Rose, was in Madison County in the State of Illinois at the aforesaid time and was operating a tractor trailer owned, registered and/or under the logo or ICC numbers of defendant, HCI.

4.      That at all times relevant hereto the defendant, Ike R. Rose ("Rose"), was acting in the scope of his duties as an employee and/or agent for HCI.

5.      That at the above time and place in Madison County, Illinois the plaintiff was operating his motor vehicle in an easterly direction on I-70 near the Highland, Illinois, rest area.

6.      That at the aforesaid time and place the defendant, Rose, was operating a transport trailer to the rear of plaintiff and other vehicles.

7.      That at the aforesaid time and place the transport trailer operated by Rose bore the following logo/placard "Homan and Company, Inc." and USDOT 2225111 and MC number MC-360455.

8.      That based upon the above the defendant, Rose, owed a duty to plaintiff to operate the tractor-trailer with due regard and care for the safety of plaintiff and others similarly situated.

9.      That in violation of the aforesaid duty the defendant, Rose, committed one or more of the following negligent acts or omissions:

    a)      failed to keep a proper lookout;

    b)      failed to operate his vehicle at a reasonable speed in violation of 625 ILCS 5/11-606(a)

c)   failed to yield the right of way to plaintiff's vehicle in violation of 625 ILCS 5/11-902;

d)   failed to keep a proper lookout;

e)   drove his automobile in a reckless manner in violation of 625 ILCS 5/11-503;

f)   drove his automobile at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property in violation of 625 ILCS 5/11-601;

g)   failed to sound an audible horn warning in violation of 625 ILCS 5/12-601;

h)   failed to reduce speed to avoid colliding with other vehicles in violation of 625 ILCS 5/11-601;

i)   followed too closely the vehicle of Plaintiff and/or the vehicle in front of him in violation of 625 ILICS 5/11-710;

j)   engaged in distracting behavior such as using a wireless telephone in or near construction zone in violation of 625 ILCS 5/12-610.1(e) and/or texting while driving in violation of 625 ILCS 6/12-610.2.

k)   operated a motor vehicle which was in such unsafe condition as to endanger the person or property of others in violation of 625 ILCS 5/12-101; and/or

l)   operated a motor vehicle without proper brakes in violation of 625 ILCS 5/12-301.

10.   That as a direct and proximate result of the above, the vehicle operated by Rose collided with the vehicle operated by plaintiff, Gearold R. Stine. Plaintiff there and then experienced severe pain, suffering, mental anguish and property damage. Plaintiff has incurred and shall continue to incur medical charges. Plaintiff has lost wages and income and such losses continue. Plaintiff suffered loss of normal life. Plaintiff's pain and

suffering continues. Further, Defendants' denial of liability has caused mental stress to Plaintiff. Plaintiff's injuries are such that convalescent care may be required in the future.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.

COUNT IV

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the defendants, Homan & Company, Inc., ("HCI",) and Ike R. Rose, states as follows:

1-10.   Plaintiff repeats, realleges and incorporates herein by reference Paragraph 1-10 of Count I as Paragraphs 1-10 of this Count.

11.   That at all times relevant hereto one or both of the Defendants were aware the truck Rose was operating was in an unsafe condition and that the continued operation of that vehicle on interstate highways posed an extreme hazard to the motoring public in general.

12.   That, notwithstanding the above, Rose continued to operate the truck on the interstate highway in a willful and wanton disregard of the safety of others. Rose engaged in such horrendous act to avoid calling for and incurring the cost of a wrecker and/or to avoid the downtime necessary to park the vehicle while awaiting repairs or towing. Defendants thereby placed their own concerns and/or the company's financial concerns over the safety of others in conscious disregard of the safety of the motoring public. HTL's manager(s) were aware of such unsafe conditions.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND

DOLLARS ($50,000.00) and for costs of this action. Plaintiff further seeks punitive damages for Defendants' behavior.

**COUNT V**

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the defendants, Ike R. Rose and A.B.C.D. Transportation Co., Inc., ("ABCD") states as follows:

1.     That the plaintiff herein Gearold R. Stine, was in Madison County, Illinois, on November 16, 2016, when the collision herein occurred.

2.     That the defendant, ABCD, is a corporation with its principal place of business in Marquand, Missouri. Said defendant regularly operates in Illinois and has ICC authority to operate in Illinois and employed Ike R. Rose at all relevant times.

3.     That the defendant, Ike R. Rose, was in Madison County in the State of Illinois at the aforesaid time and was operating a tractor trailer owned, registered and/or under the logo or ICC numbers of defendant, HCI, while employed by ABCD.

4.     That at all times relevant hereto the defendant, Ike R. Rose ("Rose"), was acting in the scope of his duties as an employee and/or agent for ABCD.

5.     That at the above time and place in Madison County, Illinois the plaintiff was operating his motor vehicle in an easterly direction on I-70 near the Highland, Illinois, rest area.

6.     That at the aforesaid time and place the defendant, Rose, was operating a transport trailer to the rear of plaintiff and other vehicles.

7.     That at the aforesaid time and place the transport trailer operated by Rose while employed by ABCD bore the following logo/placard "Homan and Company, Inc." and USDOT 2225111 and MC number MC-360455.

8.     That based upon the above the defendant, Rose, owed a duty to plaintiff to operate the tractor-trailer with due regard and care for the safety of plaintiff and others similarly situated.

9.     That in violation of the aforesaid duty the defendant, Rose, committed one or more of the following negligent acts or omissions:

a)     failed to keep a proper lookout;

b)     failed to operate his vehicle at a reasonable speed in violation of 625 ILCS 5/11-606(a)

c)     failed to yield the right of way to plaintiff's vehicle in violation of 625 ILCS 5/11-902;

d)     failed to keep a proper lookout;

e)     drove his automobile in a reckless manner in violation of 625 ILCS 5/11-503;

f)     drove his automobile at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property in violation of 625 ILCS 5/11-601;

g)     failed to sound an audible horn warning in violation of 625 ILCS 5/12-601;

h)     failed to reduce speed to avoid colliding with other vehicles in violation of 625 ILCS 5/11-601;

i)     followed too closely the vehicle of Plaintiff and/or the vehicle in front of him in violation of 625 ILICS 5/11-710;

j)     engaged in distracting behavior such as using a wireless telephone in or near construction zone in violation of 625 ILCS 5/12-610.1(e) and/or texting while driving in violation of 625 ILCS 6/12-610.2.

k)   operated a motor vehicle which was in such unsafe condition as to endanger the person or property of others in violation of 625 ILCS 5/12-101; and/or

l)   operated a motor vehicle without proper brakes in violation of 625 ILCS 5/12-301.

10.   That as a direct and proximate result of the above, the vehicle operated by Rose collided with the vehicle operated by plaintiff, Gearold R. Stine. Plaintiff there and then experienced severe pain, suffering, mental anguish and property damage. Plaintiff has incurred and shall continue to incur medical charges. Plaintiff has lost wages and income and such losses continue. Plaintiff suffered loss of normal life. Plaintiff's pain and suffering continues. Further, Defendants' denial of liability has caused mental stress to Plaintiff. Plaintiff's injuries are such that convalescent care may be required in the future.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.

<u>COUNT VI</u>

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the defendants, Ike R. Rose and A.B.C.D. Transportation Co., Inc., ("ABCD") states as follows:

1.   That the plaintiff herein Gearold R. Stine, was in Madison County, Illinois, on November 16, 2016, when the collision herein occurred.

2.      That the defendant, ABCD, is a corporation with its principal place of business in Marquand, Missouri. Said defendant regularly operates in Illinois and has ICC authority to operate in Illinois and employed Ike R. Rose at all relevant times.

3.      That the defendant, Ike R. Rose, was in Madison County in the State of Illinois at the aforesaid time and was operating a tractor trailer owned, registered and/or under the logo or ICC numbers of defendant, HCI, while employed by ABCD.

4.      That at all times relevant hereto the defendant, Ike R. Rose ("Rose"), was acting in the scope of his duties as an employee and/or agent for ABCD.

5.      That at the above time and place in Madison County, Illinois the plaintiff was operating his motor vehicle in an easterly direction on I-70 near the Highland, Illinois, rest area.

6.      That at the aforesaid time and place the defendant, Rose, was operating a transport trailer to the rear of plaintiff and other vehicles.

7.      That at the aforesaid time and place the transport trailer operated by Rose while employed by ABCD bore the following logo/placard "Homan and Company, Inc." and USDOT 2225111 and MC number MC-360455.

8.      That based upon the above the defendant, Rose, owed a duty to plaintiff to operate the tractor-trailer with due regard and care for the safety of plaintiff and others similarly situated.

9.      That in violation of the aforesaid duty the defendant, Rose, committed one or more of the following negligent acts or omissions:

        a)      failed to keep a proper lookout;

        b)      failed to operate his vehicle at a reasonable speed in violation of 625 ILCS 5/11-606(a).

c)   failed to yield the right of way to plaintiff's vehicle
     in violation of 625 ILCS 5/11-902;

d)   failed to keep a proper lookout;

e)   drove his automobile in a reckless manner in violation of 625
     ILCS 5/11-503;

f)   drove his automobile at a speed which is greater than is
     reasonable and proper with regard to traffic conditions and the use
     of the highway, or endangers the safety of any person or property
     in violation of 625 ILCS 5/11-601;

g)   failed to sound an audible horn warning in violation of 625 ILCS
     5/12-601;

h)   failed to reduce speed to avoid colliding with other vehicles in
     violation of 625 ILCS 5/11-601;

i)   followed too closely the vehicle of Plaintiff and/or the vehicle in
     front of him in violation of 625 ILICS 5/11-710;

j)   engaged in distracting behavior such as using a wireless telephone
     in or near construction zone in violation of 625 ILCS 5/12-610.1(c)
     and/or texting while driving in violation of 625 ILCS 6/12-610.2.

k)   operated a motor vehicle which was in such unsafe condition as to
     endanger the person or property of others in violation of 625 ILCS
     5/12-101; and/or

l)   operated a motor vehicle without proper brakes in violation of 625
     ILCS 5/12-301.

10.   That as a direct and proximate result of the above, the vehicle operated by

Rose collided with the vehicle operated by plaintiff, Gearold R. Stine. Plaintiff there and

then experienced severe pain, suffering, mental anguish and property damage. Plaintiff

has incurred and shall continue to incur medical charges. Plaintiff has lost wages and

income and such losses continue. Plaintiff suffered loss of normal life. Plaintiff's pain and

suffering continues. Further, Defendants' denial of liability has caused mental stress to Plaintiff. Plaintiff's injuries are such that convalescent care may be required in the future.

11.     That at all times relevant hereto one or both of the Defendants were aware the truck Rose was operating was in an unsafe condition and that the continued operation of that vehicle on interstate highways posed an extreme hazard to the motoring public in general.

12.     That, notwithstanding the above, Rose continued to operate the truck on the interstate highway in a willful and wanton disregard of the safety of others. Rose engaged in such horrendous act to avoid calling for and incurring the cost of a wrecker and/or to avoid the downtime necessary to park the vehicle while awaiting repairs or towing. Defendants thereby placed their own concerns and/or the company's financial concerns over the safety of others in conscious disregard of the safety of the motoring public. HTL's manager(s) were aware of such unsafe conditions.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action. Plaintiff further seeks punitive damages for Defendants' behavior.

Respectfully Submitted,

WENDLER LAW, P.C.

By: _____

Brian M. Wendler #06196124
Angie M. Zinzilieta #6322894

Paul E.H. Rademacher #6324529
900 Hillsboro, Suite 10
Edwardsville, IL  62025
Ph: (618) 692-0011
Fax: (618) 692-0022
Email:  wendlerlawpc@gmail.com

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

GEAROLD R. STINE                    )
                                    )
        Plaintiff,                  )
                                    )        2018L 001331
vs.                                 )    Case No. _____-L-_____
                                    )
HOMAN TRUCKING, LLC and             )
IKE R. ROSE                         )
                                    )
        Defendants.                 )

<u>SUMMONS</u>

To the defendant: **IKE R. ROSE,** 1011 Madison 239, Marquand, Missouri, 63655.

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your

appearance, in the office of the clerk of this court <u>MADISON COUNTY, EDWARDSVILLE,</u>

Illinois, within 30 days after service of this summons, not counting the day of service. **IF YOU
FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

        This summons must be returned by the officer or other persons to whom it was given for
service, with indorsement of service and fees, if any, immediately after service. If service cannot
be made, this summons shall be returned so indorsed. This summons may not be served later
than 30 days after its date.

                                            10/12/2018
                                            /s/ Mark Von Nida          , 20 _____ .

_____                    _____
    (Seal of court)                            Clerk of Court
                                            /s/ Donna Finch
_____                    Associate Circuit Clerk-Deputy

Name: Brian M. Wendler
Attorney for: Gearold R. Stine II
Address: 900 Hillsboro Ave., Suite 10
City: Edwardsville
Telephone: 618-692-0011

                Date of Service: _____ , 20 _____ .
                (To be inserted by officer on copy left with defendant or other person)

## SHERIFF'S FEES

Service and return . . . . . . . . . . . . . . . . . . . . . $ _____
Miles _____ _____
Total . . . . . . . . . . . . . . . . . . . . . . . . . . $ ____ _____
Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal):

By leaving a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Date of Service |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

(b) - (Individual Defendants- abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of the family, or a person residing there, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his or her usual place of abode, as follows:

| Name of Defendant | Person W/ Whom Left | Date of Service | Date of Mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | | | |

(c) - (Individual Defendants- Personal):

By leaving a copy and a copy of the complaint with the registered agent, officer or agent, officer or agent of each defendant corporation, as follows:

| Defendant Corporation | Registered Agent, Officer or Agent | Date of Service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

_____ _____ _____ _____ _____ _____
_____

(d) - (Other Service):

_____ _____ , Sheriff of _____ County

By _____ _____ _____ _____ , Deputy

***EFILED***
Case Number 2018L 001331
Date: 11/2/2018 10:30 AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| GEAROLD R. STINE | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. ____18____-L-1331 |
| | ) |
| HOMAN TRUCKING, LLC and | ) |
| IKE R. ROSE | ) |
| | ) |
|     Defendants. | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

1.     That the Driver Information Exchange document supplied to Plaintiff by the Illinois State Police lists "Homan Trucking, LLC" as the owner of the truck that collided with Plaintiff.

2.     That the Complaint named Homan Trucking, LLC, as a Defendnat based upon the above information.

3.     That on October 31, 2018, Plaintiffs' counsel received a call from Homan Trucking, LLC, advising it was not involved in the crash and it never employed Ike Rose, the co-Defendant driver.

4.     That investigation has revealed Homan & Company, Inc., a Missouri corporation is headquartered in Marquand, Missouri, the same town listed as the residence of Ike Rose.

5.     That no Defendant has answered the Complaint to date. As such, Plaintiff has an absolute right to amend his Complaint without hearing.

6.    That Plaintiff's Amended Complaint is attached hereto and is to be deemed filed herewith and/or upon entry of the order attached, whichever is first allowed under the law.

WHEREFORE, Plaintiff prays for the entry of the attached order and for such other and further relief as deemed just.

Respectfully Submitted,

WENDLER LAW, P.C.

By:   _Brian M Wendler_

Brian M. Wendler #06196124
Angie M. Zinzilieta #6322894
Paul E.H. Rademacher #6324529
900 Hillsboro, Suite 10
Edwardsville, IL  62025
Ph: (618) 692-0011
Fax: (618) 692-0022
Email:  wendlerlawpc@gmail.com

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

GEAROLD R. STINE                    )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )        Case No. ____-L-____
                                    )
HOMAN TRUCKING, LLC and             )
IKE R. ROSE                         )
                                    )
        Defendants.                 )

## ORDER

Plaintiff's Motion For Leave To File Amended Complaint is presented and granted. The

Amended Complaint is deemed filed. Summons to issue to Homan & Company, Inc.

_____                    _____
        Date                                         Enter

1

***EFiLED***
Case Number 2018L 001331
Date: 11/2/2018 10:30 AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

GEAROLD R. STINE                    )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )        Case No. 2018-L-1331
                                    )
HOMAN TRUCKING, LLC,                )
IKE R. ROSE, and                    )
HOMAN & COMPANY, INC.               )
                                    )
        Defendants.                 )

## AMENDED COMPLAINT

## COUNT I

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the

defendants, Homan Trucking, LLC ("HTL") and Ike R. Rose, states as follows:

1.      That the plaintiff herein Gearold R. Stine, was in Madison County, Illinois,

on November 16, 2016, when the collision herein occurred.

2.      That the defendant, HTL, is a corporation with its principal place of

business in Bonduel, Wisconsin. Said defendant regularly operates in Illinois and has ICC

authority to operate in Illinois.

3.      That the defendant, Ike R. Rose, was in Madison County in the State of

Illinois at the aforesaid time and was operating a tractor trailer owned, registered and/or

under the logo or ICC numbers of defendant, HTL.

4.      That at all times relevant hereto the defendant, Ike R. Rose ("Rose"), was

acting in the scope of his duties as an employee and/or agent for HTL.

5.     That at the above time and place in Madison County, Illinois the plaintiff was operating his motor vehicle in an easterly direction on I-70 near the Highland, Illinois, rest area.

6.     That at the aforesaid time and place the defendant, Rose, was operating a transport trailer to the rear of plaintiff and other vehicles.

7.     That at the aforesaid time and place the transport trailer operated by Rose bore the following logo/placard "Homan Trucking, LLC" and USDOT 761355.

8.     That based upon the above the defendant, Rose, owed a duty to plaintiff to operate the tractor-trailer with due regard and care for the safety of plaintiff and others similarly situated.

9.     That in violation of the aforesaid duty the defendant, Rose, committed one or more of the following negligent acts or omissions:

a)     failed to keep a proper lookout;

b)     failed to operate his vehicle at a reasonable speed in violation of 625 ILCS 5/11-606(a)

c)     failed to yield the right of way to plaintiff's vehicle in violation of 625 ILCS 5/11-902;

d)     failed to keep a proper lookout;

e)     drove his automobile in a reckless manner in violation of 625 ILCS 5/11-503;

f)     drove his automobile at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property in violation of 625 ILCS 5/11-601;

g)     failed to sound an audible horn warning in violation of 625 ILCS 5/12-601;

h)      failed to reduce speed to avoid colliding with other vehicles in violation of 625 ILCS 5/11-601;

i)      followed too closely the vehicle of Plaintiff and/or the vehicle in front of him in violation of 625 ILICS 5/11-710;

j)      engaged in distracting behavior such as using a wireless telephone in or near construction zone in violation of 625 ILCS 5/12-610.1(e) and/or texting while driving in violation of 625 ILCS 6/12-610.2.

k)      operated a motor vehicle which was in such unsafe condition as to endanger the person or property of others in violation of 625 ILCS 5/12-101; and/or

l)      operated a motor vehicle without proper brakes in violation of 625 ILCS 5/12-301

10.     That as a direct and proximate result of the above, the vehicle operated by Rose collided with the vehicle operated by plaintiff, Gearold R. Stine. Plaintiff there and then experienced severe pain, suffering, mental anguish and property damage. Plaintiff has incurred and shall continue to incur medical charges. Plaintiff has lost wages and income and such losses continue. Plaintiff suffered loss of normal life. Plaintiff's pain and suffering continues. Further, Defendants' denial of liability has caused mental stress to Plaintiff. Plaintiff's injuries are such that convalescent care may be required in the future.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.

## COUNT II

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the defendants, Homan Trucking, LLC ("HTL") and Ike R. Rose, states as follows:

1-10.   Plaintiff repeats, realleges and incorporates herein by reference Paragraph 1-10 of Count I as Paragraphs 1-10 of this Count.

11.   That at all times relevant hereto one or both of the Defendants were aware the truck Rose was operating was in an unsafe condition and that the continued operation of that vehicle on interstate highways posed an extreme hazard to the motoring public in general.

12.   That, notwithstanding the above, Rose continued to operate the truck on the interstate highway in a willful and wanton disregard of the safety of others.  Rose engaged in such horrendous act to avoid calling for and incurring the cost of a wrecker and/or to avoid the downtime necessary to park the vehicle while awaiting repairs or towing. Defendants thereby placed their own concerns and/or the company's financial concerns over the safety of others in conscious disregard of the safety of the motoring public. HTL's manager(s) were aware of such unsafe conditions.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.  Plaintiff further seeks punitive damages for Defendants' behavior.

## COUNT III

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the defendants, Homan & Company, Inc., ("HCI",) and Ike R. Rose, states as follows:

1.   That the plaintiff herein Gearold R. Stine, was in Madison County, Illinois, on November 16, 2016, when the collision herein occurred.

2.      That the defendant, HCI, is a corporation with its principal place of business in Marquand, Missouri. Said defendant regularly operates in Illinois and has ICC authority to operate in Illinois.

3.      That the defendant, Ike R. Rose, was in Madison County in the State of Illinois at the aforesaid time and was operating a tractor trailer owned, registered and/or under the logo or ICC numbers of defendant, HCI.

4.      That at all times relevant hereto the defendant, Ike R. Rose ("Rose"), was acting in the scope of his duties as an employee and/or agent for HCI.

5.      That at the above time and place in Madison County, Illinois the plaintiff was operating his motor vehicle in an easterly direction on I-70 near the Highland, Illinois, rest area.

6.      That at the aforesaid time and place the defendant, Rose, was operating a transport trailer to the rear of plaintiff and other vehicles.

7.      That at the aforesaid time and place the transport trailer operated by Rose bore the following logo/placard "Homan and Company, Inc." and USDOT 2225111 and MC number MC-360455.

8.      That based upon the above the defendant, Rose, owed a duty to plaintiff to operate the tractor-trailer with due regard and care for the safety of plaintiff and others similarly situated.

9.      That in violation of the aforesaid duty the defendant, Rose, committed one or more of the following negligent acts or omissions:

     a)      failed to keep a proper lookout;

     b)      failed to operate his vehicle at a reasonable speed in violation of 625 ILCS 5/11-606(a)

c)      failed to yield the right of way to plaintiff's vehicle
        in violation of 625 ILCS 5/11-902;

d)      failed to keep a proper lookout;

e)      drove his automobile in a reckless manner in violation of 625
        ILCS 5/11-503;

f)      drove his automobile at a speed which is greater than is
        reasonable and proper with regard to traffic conditions and the use
        of the highway, or endangers the safety of any person or property
        in violation of 625 ILCS 5/11-601;

g)      failed to sound an audible horn warning in violation of 625 ILCS
        5/12-601;

h)      failed to reduce speed to avoid colliding with other vehicles in
        violation of 625 ILCS 5/11-601;

i)      followed too closely the vehicle of Plaintiff and/or the vehicle in
        front of him in violation of 625 ILICS 5/11-710;

j)      engaged in distracting behavior such as using a wireless telephone
        in or near construction zone in violation of 625 ILCS 5/12-610.1(e)
        and/or texting while driving in violation of 625 ILCS 6/12-610.2.

k)      operated a motor vehicle which was in such unsafe condition as to
        endanger the person or property of others in violation of 625 ILCS
        5/12-101; and/or

l)      operated a motor vehicle without proper brakes in violation of 625
        ILCS 5/12-301.

10.     That as a direct and proximate result of the above, the vehicle operated by

Rose collided with the vehicle operated by plaintiff, Gearold R. Stine.  Plaintiff there and

then experienced severe pain, suffering, mental anguish and property damage.  Plaintiff

has incurred and shall continue to incur medical charges.  Plaintiff has lost wages and

income and such losses continue.  Plaintiff suffered loss of normal life.  Plaintiff's pain and

suffering continues. Further, Defendants' denial of liability has caused mental stress to Plaintiff. Plaintiff's injuries are such that convalescent care may be required in the future.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.

## COUNT IV

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the defendants, Homan & Company, Inc., ("HCI",) and Ike R. Rose, states as follows:

1-10.   Plaintiff repeats, realleges and incorporates herein by reference Paragraph 1-10 of Count I as Paragraphs 1-10 of this Count.

11.   That at all times relevant hereto one or both of the Defendants were aware the truck Rose was operating was in an unsafe condition and that the continued operation of that vehicle on interstate highways posed an extreme hazard to the motoring public in general.

12.   That, notwithstanding the above, Rose continued to operate the truck on the interstate highway in a willful and wanton disregard of the safety of others. Rose engaged in such horrendous act to avoid calling for and incurring the cost of a wrecker and/or to avoid the downtime necessary to park the vehicle while awaiting repairs or towing. Defendants thereby placed their own concerns and/or the company's financial concerns over the safety of others in conscious disregard of the safety of the motoring public. HTL's manager(s) were aware of such unsafe conditions.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND

DOLLARS ($50,000.00) and for costs of this action.  Plaintiff further seeks punitive damages for Defendants' behavior.

Respectfully Submitted,

**WENDLER LAW, P.C.**

By: *Brian M Wendler*

Brian M. Wendler #06196124
Angie M. Zinzilieta #6322894
Paul E.H. Rademacher #6324529
900 Hillsboro, Suite 10
Edwardsville, IL  62025
Ph: (618) 692-0011
Fax: (618) 692-0022
Email:  wendlerlawpc@gmail.com

FILED
Case Number 2018L 0013
Date: 11/7/2018 2:41 F
Mark Von Ni
Clerk of Circuit Cou
Third Judicial Circuit, Madison County Illino

## AFFIDAVIT OF SERVICE

State of Illinois                                                                                          County of MADISON

Case Number: 2018-L-001331

Plaintiff:
GEAROLD R. STINE

vs.

Defendant:
HOMAN TRUCKING LLC ET AL

For:
BRIAN M. WENDLER
WENDLER LAW P.C.
900 HILLSBORO AVENUE
SUITE 10
EDWARDSVILLE, IL 62025

Received by Patrick L. Zelzer and Associates to be served on HOMAN TRUCKING LLC, N4632 BROADWAY ROAD, BONDUEL, WI 54107.

I, Patrick Zelzer, being duly sworn, depose and say that on the **31st day of October, 2018** at 2:17 pm, I:

served a CORPORATION by delivering a true copy of the AUTHENTICATED SUMMONS AND COMPLAINT with the date and hour of service endorsed thereon by me, to: CHRIS LAHA as AUTHORIZED AGENT for HOMAN TRUCKING LLC, at the address of: N4632 BROADWAY ROAD, BONDUEL, WI 54107, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 2nd day of November, 2018 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

3-26-22

Patrick Zelzer
Process Server

Patrick L. Zelzer and Associates
P.O BOX 12554
Green Bay, WI 54307-2554
(920) 362-7707

Our Job Serial Number: ZEL-2018003377
Service Fee: $85.00

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2n

***EFILED***
Case Number 20 8L 001331
Date: 11/7/2018 2:41 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## AFFIDAVIT OF SERVICE

State of Illinois                                                                 County of MADISON

Case Number: 2018-L-001331

Plaintiff:
**GEAROLD R. STINE**

vs.

Defendant:
**HOMAN TRUCKING LLC ET AL**

For:
BRIAN M. WENDLER
WENDLER LAW P.C.
900 HILLSBORO AVENUE
SUITE 10
EDWARDSVILLE, IL 62025

Received by Patrick L. Zelzer and Associates to be served on **HOMAN TRUCKING LLC, N4632 BROADWAY ROAD, BONDUEL, WI 54107**.

I, Patrick Zelzer, being duly sworn, depose and say that on the **31st day of October, 2018** at **2:17 pm, I:**

served a CORPORATION by delivering a true copy of the **AUTHENTICATED SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **CHRIS LAHA** as **AUTHORIZED AGENT** for **HOMAN TRUCKING LLC**, at the address of: **N4632 BROADWAY ROAD, BONDUEL, WI 54107**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 2nd day of
November, 2018 by the affiant who is personally known
to me.

NOTARY PUBLIC

3-26-22

**Patrick Zelzer**
Process Server

Patrick L. Zelzer and Associates
P.O BOX 12554
Green Bay, WI 54307-2554
(920) 362-7707

Our Job Serial Number: ZEL-2018003377
Service Fee: $85.00

Copyright © 1992-2018 ... Inc. - Process Server's Toolbox V7.2n

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

FILED

NOV - 8 2018

CLERK OF CIRCUIT COURT #11
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

GEAROLD R. STINE          )
                          )
      Plaintiff,          )
                          )
vs.                       )   Case No. 18 -L- 1331
                          )
HOMAN TRUCKING, LLC and   )
IKE R. ROSE               )
                          )
      Defendants.         )

## ORDER

Plaintiff's Motion For Leave To File Amended Complaint is presented and granted. The

Amended Complaint is deemed filed. Summons to issue to Homan & Company, Inc.

_____11/8/18_____          _____D~~ X, ~~_____
         Date                         Enter

***EFILED***
Case Number 2018L 001331
Date: 11/13/2018 1:47 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| GEAROLD R. STINE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 2018-L-1331 |
| | ) |
| HOMAN TRUCKING, LLC and | ) |
| IKE R. ROSE | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S AMENDED MOTION FOR LEAVE
### TO FILE SECOND AMENDED COMPLAINT

1.      That the Driver Information Exchange document supplied to Plaintiff by the Illinois State Police lists "Homan Trucking, LLC" as the owner of the truck that collided with Plaintiff.

2.      That the Complaint named Homan Trucking, LLC, as a Defendant based upon the above information.

3.      That on October 31, 2018, Plaintiffs' counsel received a call from Homan Trucking, LLC, advising it was not involved in the crash and it never employed Ike Rose, the co-Defendant driver.

4.      That investigation has revealed Homan & Company, Inc., a Missouri corporation is headquartered in Marquand, Missouri, the same town listed as the residence of Ike Rose. A call to that company revealed Defendant Rose was employed by A.B.C.D. Transportation Co., Inc., a company affiliated with Homan & Company, Inc.

5.      That no Defendant has answered the Complaint to date. As such, Plaintiff has an absolute right to amend his Complaint without hearing.

6.    That Plaintiff's Second Amended Complaint is attached hereto and is to be deemed filed herewith and/or upon entry of the order attached, whichever is first allowed under the law.

WHEREFORE, Plaintiff prays for the entry of the attached order and for such other and further relief as deemed just.

Respectfully Submitted,

WENDLER LAW, P.C.

By: _____

Brian M. Wendler #06196124
Angie M. Zinzilieta #6322894
Paul E.H. Rademacher #6324529
900 Hillsboro, Suite 10
Edwardsville, IL 62025
Ph: (618) 692-0011
Fax: (618) 692-0022
Email: wendlerlawpc@gmail.com

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

GEAROLD R. STINE                    )
                                    )
    Plaintiff,                      )
                                    )
vs.                                 )        Case No. 2018-L-1331
                                    )
HOMAN TRUCKING, LLC and             )
IKE R. ROSE                         )
                                    )
    Defendants.                     )

## ORDER

Plaintiff's Amended Motion For Leave To File Second Amended Complaint is presented and granted. The Second Amended Complaint is deemed filed. Summons to issue to Homan & Company, Inc., and to A.B.C.D. Transportation Co., Inc.

_____                    _____
         Date                                          Enter

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

GEAROLD R. STINE )
)
    Plaintiff, )
)
vs. )    Case No. 2018-L-1331
)
HOMAN TRUCKING, LLC, )
IKE R. ROSE, )
HOMAN & COMPANY, INC. and )
A.B.C.D. TRANSPORTATION CO., INC.)
)
    Defendants. )

## SECOND AMENDED COMPLAINT

### COUNT I

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the

defendants, Homan Trucking, LLC ("HTL") and Ike R. Rose, states as follows:

1.    That the plaintiff herein Gearold R. Stine, was in Madison County, Illinois,

on November 16, 2016, when the collision herein occurred.

2.    That the defendant, HTL, is a corporation with its principal place of

business in Bonduel, Wisconsin. Said defendant regularly operates in Illinois and has ICC

authority to operate in Illinois.

3.    That the defendant, Ike R. Rose, was in Madison County in the State of

Illinois at the aforesaid time and was operating a tractor trailer owned, registered and/or

under the logo or ICC numbers of defendant, HTL.

4.    That at all times relevant hereto the defendant, Ike R. Rose ("Rose"), was

acting in the scope of his duties as an employee and/or agent for HTL.

5.      That at the above time and place in Madison County, Illinois the plaintiff was operating his motor vehicle in an easterly direction on I-70 near the Highland, Illinois, rest area.

6.      That at the aforesaid time and place the defendant, Rose, was operating a transport trailer to the rear of plaintiff and other vehicles.

7.      That at the aforesaid time and place the transport trailer operated by Rose bore the following logo/placard "Homan Trucking, LLC" and USDOT 761355.

8.      That based upon the above the defendant, Rose, owed a duty to plaintiff to operate the tractor-trailer with due regard and care for the safety of plaintiff and others similarly situated.

9.      That in violation of the aforesaid duty the defendant, Rose, committed one or more of the following negligent acts or omissions:

     a)     failed to keep a proper lookout;

     b)     failed to operate his vehicle at a reasonable speed in violation of 625 ILCS 5/11-606(a)

     c)     failed to yield the right of way to plaintiff's vehicle in violation of 625 ILCS 5/11-902;

     d)     failed to keep a proper lookout;

     e)     drove his automobile in a reckless manner in violation of 625 ILCS 5/11-503;

     f)     drove his automobile at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property in violation of 625 ILCS 5/11-601;

     g)     failed to sound an audible horn warning in violation of 625 ILCS 5/12-601;

h) failed to reduce speed to avoid colliding with other vehicles in violation of 625 ILCS 5/11-601;

i) followed too closely the vehicle of Plaintiff and/or the vehicle in front of him in violation of 625 ILICS 5/11-710;

j) engaged in distracting behavior such as using a wireless telephone in or near construction zone in violation of 625 ILCS 5/12-610.1(e) and/or texting while driving in violation of 625 ILCS 6/12-610.2.

k) operated a motor vehicle which was in such unsafe condition as to endanger the person or property of others in violation of 625 ILCS 5/12-101; and/or

l) operated a motor vehicle without proper brakes in violation of 625 ILCS 5/12-301

10. That as a direct and proximate result of the above, the vehicle operated by Rose collided with the vehicle operated by plaintiff, Gearold R. Stine. Plaintiff there and then experienced severe pain, suffering, mental anguish and property damage. Plaintiff has incurred and shall continue to incur medical charges. Plaintiff has lost wages and income and such losses continue. Plaintiff suffered loss of normal life. Plaintiff's pain and suffering continues. Further, Defendants' denial of liability has caused mental stress to Plaintiff. Plaintiff's injuries are such that convalescent care may be required in the future.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.

## COUNT II

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the defendants, Homan Trucking, LLC ("HTL") and Ike R. Rose, states as follows:

1-10.   Plaintiff repeats, realleges and incorporates herein by reference Paragraph 1-10 of Count I as Paragraphs 1-10 of this Count.

11.   That at all times relevant hereto one or both of the Defendants were aware the truck Rose was operating was in an unsafe condition and that the continued operation of that vehicle on interstate highways posed an extreme hazard to the motoring public in general.

12.   That, notwithstanding the above, Rose continued to operate the truck on the interstate highway in a willful and wanton disregard of the safety of others.  Rose engaged in such horrendous act to avoid calling for and incurring the cost of a wrecker and/or to avoid the downtime necessary to park the vehicle while awaiting repairs or towing. Defendants thereby placed their own concerns and/or the company's financial concerns over the safety of others in conscious disregard of the safety of the motoring public. HTL's manager(s) were aware of such unsafe conditions.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.  Plaintiff further seeks punitive damages for Defendants' behavior.

## COUNT III

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the defendants, Homan & Company, Inc., ("HCI",) and Ike R. Rose, states as follows:

1.   That the plaintiff herein Gearold R. Stine, was in Madison County, Illinois, on November 16, 2016, when the collision herein occurred.

2.      That the defendant, HCI, is a corporation with its principal place of business in Marquand, Missouri. Said defendant regularly operates in Illinois and has ICC authority to operate in Illinois.

3.      That the defendant, Ike R. Rose, was in Madison County in the State of Illinois at the aforesaid time and was operating a tractor trailer owned, registered and/or under the logo or ICC numbers of defendant, HCI.

4.      That at all times relevant hereto the defendant, Ike R. Rose ("Rose"), was acting in the scope of his duties as an employee and/or agent for HCI.

5.      That at the above time and place in Madison County, Illinois the plaintiff was operating his motor vehicle in an easterly direction on I-70 near the Highland, Illinois, rest area.

6.      That at the aforesaid time and place the defendant, Rose, was operating a transport trailer to the rear of plaintiff and other vehicles.

7.      That at the aforesaid time and place the transport trailer operated by Rose bore the following logo/placard "Homan and Company, Inc." and USDOT 2225111 and MC number MC-360455.

8.      That based upon the above the defendant, Rose, owed a duty to plaintiff to operate the tractor-trailer with due regard and care for the safety of plaintiff and others similarly situated.

9.      That in violation of the aforesaid duty the defendant, Rose, committed one or more of the following negligent acts or omissions:

        a)      failed to keep a proper lookout;

        b)      failed to operate his vehicle at a reasonable speed in violation of 625 ILCS 5/11-606(a)

c)     failed to yield the right of way to plaintiff's vehicle in violation of 625 ILCS 5/11-902;

d)     failed to keep a proper lookout;

e)     drove his automobile in a reckless manner in violation of 625 ILCS 5/11-503;

f)     drove his automobile at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property in violation of 625 ILCS 5/11-601;

g)     failed to sound an audible horn warning in violation of 625 ILCS 5/12-601;

h)     failed to reduce speed to avoid colliding with other vehicles in violation of 625 ILCS 5/11-601;

i)     followed too closely the vehicle of Plaintiff and/or the vehicle in front of him in violation of 625 ILICS 5/11-710;

j)     engaged in distracting behavior such as using a wireless telephone in or near construction zone in violation of 625 ILCS 5/12-610.1(e) and/or texting while driving in violation of 625 ILCS 6/12-610.2.

k)     operated a motor vehicle which was in such unsafe condition as to endanger the person or property of others in violation of 625 ILCS 5/12-101; and/or

l)     operated a motor vehicle without proper brakes in violation of 625 ILCS 5/12-301.

10.     That as a direct and proximate result of the above, the vehicle operated by Rose collided with the vehicle operated by plaintiff, Gearold R. Stine. Plaintiff there and then experienced severe pain, suffering, mental anguish and property damage. Plaintiff has incurred and shall continue to incur medical charges. Plaintiff has lost wages and income and such losses continue. Plaintiff suffered loss of normal life. Plaintiff's pain and

suffering continues.  Further, Defendants' denial of liability has caused mental stress to Plaintiff.  Plaintiff's injuries are such that convalescent care may be required in the future.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action.

## COUNT IV

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the defendants, Homan & Company, Inc., ("HCI",) and Ike R. Rose, states as follows:

1-10.   Plaintiff repeats, realleges and incorporates herein by reference Paragraph 1-10 of Count I as Paragraphs 1-10 of this Count.

11.    That at all times relevant hereto one or both of the Defendants were aware the truck Rose was operating was in an unsafe condition and that the continued operation of that vehicle on interstate highways posed an extreme hazard to the motoring public in general.

12.    That, notwithstanding the above, Rose continued to operate the truck on the interstate highway in a willful and wanton disregard of the safety of others.  Rose engaged in such horrendous act to avoid calling for and incurring the cost of a wrecker and/or to avoid the downtime necessary to park the vehicle while awaiting repairs or towing. Defendants thereby placed their own concerns and/or the company's financial concerns over the safety of others in conscious disregard of the safety of the motoring public. HTL's manager(s) were aware of such unsafe conditions.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND

DOLLARS ($50,000.00) and for costs of this action.   Plaintiff further seeks punitive damages for Defendants' behavior.

## COUNT V

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the defendants, Ike R. Rose and A.B.C.D. Transportation Co., Inc., ("ABCD") states as follows:

1.      That the plaintiff herein Gearold R. Stine, was in Madison County, Illinois, on November 16, 2016, when the collision herein occurred.

2.      That the defendant, ABCD, is a corporation with its principal place of business in Marquand, Missouri. Said defendant regularly operates in Illinois and has ICC authority to operate in Illinois and employed Ike R. Rose at all relevant times.

3.      That the defendant, Ike R. Rose, was in Madison County in the State of Illinois at the aforesaid time and was operating a tractor trailer owned, registered and/or under the logo or ICC numbers of defendant, HCI, while employed by ABCD.

4.      That at all times relevant hereto the defendant, Ike R. Rose ("Rose"), was acting in the scope of his duties as an employee and/or agent for ABCD.

5.      That at the above time and place in Madison County, Illinois the plaintiff was operating his motor vehicle in an easterly direction on I-70 near the Highland, Illinois, rest area.

6.      That at the aforesaid time and place the defendant, Rose, was operating a transport trailer to the rear of plaintiff and other vehicles.

7.     That at the aforesaid time and place the transport trailer operated by Rose while employed by ABCD bore the following logo/placard "Homan and Company, Inc." and USDOT 2225111 and MC number MC-360455.

8.     That based upon the above the defendant, Rose, owed a duty to plaintiff to operate the tractor-trailer with due regard and care for the safety of plaintiff and others similarly situated.

9.     That in violation of the aforesaid duty the defendant, Rose, committed one or more of the following negligent acts or omissions:

a)     failed to keep a proper lookout;

b)     failed to operate his vehicle at a reasonable speed in violation of 625 ILCS 5/11-606(a)

c)     failed to yield the right of way to plaintiff's vehicle in violation of 625 ILCS 5/11-902;

d)     failed to keep a proper lookout;

e)     drove his automobile in a reckless manner in violation of 625 ILCS 5/11-503;

f)     drove his automobile at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property in violation of 625 ILCS 5/11-601;

g)     failed to sound an audible horn warning in violation of 625 ILCS 5/12-601;

h)     failed to reduce speed to avoid colliding with other vehicles in violation of 625 ILCS 5/11-601;

i)     followed too closely the vehicle of Plaintiff and/or the vehicle in front of him in violation of 625 ILICS 5/11-710;

j)     engaged in distracting behavior such as using a wireless telephone in or near construction zone in violation of 625 ILCS 5/12-610.1(e) and/or texting while driving in violation of 625 ILCS 6/12-610.2.

k)   operated a motor vehicle which was in such unsafe condition as to
endanger the person or property of others in violation of 625 ILCS
5/12-101; and/or

l)   operated a motor vehicle without proper brakes in violation of 625
ILCS 5/12-301.

10.   That as a direct and proximate result of the above, the vehicle operated by

Rose collided with the vehicle operated by plaintiff, Gearold R. Stine.  Plaintiff there and

then experienced severe pain, suffering, mental anguish and property damage.  Plaintiff

has incurred and shall continue to incur medical charges.  Plaintiff has lost wages and

income and such losses continue.  Plaintiff suffered loss of normal life.  Plaintiff's pain and

suffering continues.  Further, Defendants' denial of liability has caused mental stress to

Plaintiff.  Plaintiff's injuries are such that convalescent care may be required in the future.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the

defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND

DOLLARS ($50,000.00) and for costs of this action.

<u>COUNT VI</u>

Now comes the plaintiff, Gearold R. Stine, and for his cause of action against the

defendants, Ike R. Rose and A.B.C.D. Transportation Co., Inc., ("ABCD") states as

follows:

1.   That the plaintiff herein Gearold R. Stine, was in Madison County, Illinois,

on November 16, 2016, when the collision herein occurred.

2.      That the defendant, ABCD, is a corporation with its principal place of business in Marquand, Missouri. Said defendant regularly operates in Illinois and has ICC authority to operate in Illinois and employed Ike R. Rose at all relevant times.

3.      That the defendant, Ike R. Rose, was in Madison County in the State of Illinois at the aforesaid time and was operating a tractor trailer owned, registered and/or under the logo or ICC numbers of defendant, HCI, while employed by ABCD.

4.      That at all times relevant hereto the defendant, Ike R. Rose ("Rose"), was acting in the scope of his duties as an employee and/or agent for ABCD.

5.      That at the above time and place in Madison County, Illinois the plaintiff was operating his motor vehicle in an easterly direction on I-70 near the Highland, Illinois, rest area.

6.      That at the aforesaid time and place the defendant, Rose, was operating a transport trailer to the rear of plaintiff and other vehicles.

7.      That at the aforesaid time and place the transport trailer operated by Rose while employed by ABCD bore the following logo/placard "Homan and Company, Inc." and USDOT 2225111 and MC number MC-360455.

8.      That based upon the above the defendant, Rose, owed a duty to plaintiff to operate the tractor-trailer with due regard and care for the safety of plaintiff and others similarly situated.

9.      That in violation of the aforesaid duty the defendant, Rose, committed one or more of the following negligent acts or omissions:

    a)      failed to keep a proper lookout;

    b)      failed to operate his vehicle at a reasonable speed in violation of 625 ILCS 5/11-606(a).

c)   failed to yield the right of way to plaintiff's vehicle in violation of 625 ILCS 5/11-902;

d)   failed to keep a proper lookout;

e)   drove his automobile in a reckless manner in violation of 625 ILCS 5/11-503;

f)   drove his automobile at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property in violation of 625 ILCS 5/11-601;

g)   failed to sound an audible horn warning in violation of 625 ILCS 5/12-601;

h)   failed to reduce speed to avoid colliding with other vehicles in violation of 625 ILCS 5/11-601;

i)   followed too closely the vehicle of Plaintiff and/or the vehicle in front of him in violation of 625 ILICS 5/11-710;

j)   engaged in distracting behavior such as using a wireless telephone in or near construction zone in violation of 625 ILCS 5/12-610.1(e) and/or texting while driving in violation of 625 ILCS 6/12-610.2.

k)   operated a motor vehicle which was in such unsafe condition as to endanger the person or property of others in violation of 625 ILCS 5/12-101; and/or

l)   operated a motor vehicle without proper brakes in violation of 625 ILCS 5/12-301.

10.   That as a direct and proximate result of the above, the vehicle operated by Rose collided with the vehicle operated by plaintiff, Gearold R. Stine. Plaintiff there and then experienced severe pain, suffering, mental anguish and property damage. Plaintiff has incurred and shall continue to incur medical charges. Plaintiff has lost wages and income and such losses continue. Plaintiff suffered loss of normal life. Plaintiff's pain and

suffering continues. Further, Defendants' denial of liability has caused mental stress to Plaintiff. Plaintiff's injuries are such that convalescent care may be required in the future.

11. That at all times relevant hereto one or both of the Defendants were aware the truck Rose was operating was in an unsafe condition and that the continued operation of that vehicle on interstate highways posed an extreme hazard to the motoring public in general.

12. That, notwithstanding the above, Rose continued to operate the truck on the interstate highway in a willful and wanton disregard of the safety of others. Rose engaged in such horrendous act to avoid calling for and incurring the cost of a wrecker and/or to avoid the downtime necessary to park the vehicle while awaiting repairs or towing. Defendants thereby placed their own concerns and/or the company's financial concerns over the safety of others in conscious disregard of the safety of the motoring public. HTL's manager(s) were aware of such unsafe conditions.

WHEREFORE, the plaintiff prays for a Judgment in his favor against the defendants, jointly and severely, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for costs of this action. Plaintiff further seeks punitive damages for Defendants' behavior.

Respectfully Submitted,

**WENDLER LAW, P.C.**

By: _Brian M Wendler_

Brian M. Wendler #06196124
Angie M. Zinzilieta #6322894

Paul E.H. Rademacher #6324529
900 Hillsboro, Suite 10
Edwardsville, IL  62025
Ph: (618) 692-0011
Fax: (618) 692-0022
Email:  wendlerlawpc@gmail.com

***EFILED***
Case Number 2018L 001331
Date: 11/21/2018 1:49 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

**AFFIDAVIT OF SERVICE**

| Case:<br>2018L<br>001331 | Court:<br>In The Circuit Court of The Third Judicial Circuit<br>Madison County IL | County:<br>Madison, IL | Job:   Third Judicial Circuit, Madison County Illinois<br>2733543 (2018L 001331) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Gearold R Stine | | Defendant / Respondent:<br>Homan Trucking, LLC and Ike R Rose | |
| Received by:<br>Always Available Services LLC | | For:<br>Wendler Law, PC | |
| To be served upon:<br>Ike R Rose | | | |

I, Jim Frago, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Karen Rose, Home: 1011 Madison 239, Marquand, MO 63655

Manner of Service:   Substitute Service - Personal, Oct 23, 2018, 4:19 pm CDT

Documents:   Summons and Complaint (Received Oct 16, 2018 at 12:00am CDT)

Additional Comments:
1) Unsuccessful Attempt: Oct 18, 2018, 9:40 am CDT at Home: 1011 Madison 239, Marquand, MO 63655
This is a rental house. The current resident says Ike Rose was the former resident. Last she heard Ike moved to Perryville.

2) Successful Attempt: Oct 23, 2018, 4:19 pm CDT at Home: 1011 Madison 239, Marquand, MO 63655 received by Karen Rose. Age: 50;
Ethnicity: Caucasian; Gender: Female; Weight: 150; Height: 6'; Hair: Blond; Relationship: Co Occupant ;

Jim Frago                     Date
NA

Subscribed and sworn to before me by the affiant who is
personally known to me.

Notary Public

Date                 Commission Expires

Always Available Services LLC
PO Box 764
Farmington, MO 63640

JAMES MICHAEL HISE
Notary Public - Notary Seal
STATE OF MISSOURI
Saint Francois County
My Commission Expires June 27, 2020
Commission # 16277504

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

GEAROLD R. STINE )
)
**Plaintiff,** )
)
vs. )        Case No. 2018-L-1331
)
HOMAN TRUCKING, LLC, )
IKE R. ROSE, )
HOMAN & COMPANY, INC. and )
A.B.C.D. TRANSPORTATION CO., INC.)
)
Defendants. )

## SUMMONS

To the defendant: **HOMAN & COMPANY, INC.,** c/o Danny L. Homan, 401 East Murta, P.O. Box 222, Marquand, Missouri 63655.

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your

appearance, in the office of the clerk of this court MADISON COUNTY, EDWARDSVILLE,

Illinois, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

This summons must be returned by the officer or other persons to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

WITNESS _____11/27/2018_____ , 20 ____

/s/ Mark Von Nida

Clerk of Court

/s/ Mitchell Baird

Associate Circuit Clerk-Deputy

Name: Brandon Wendler
Attorney for: Gearold R. Stine II
Address: 900 Hillsboro Ave., Suite 10
City: Edwardsville
Telephone: 618-692-0011

Date of Service: _____ , 20 ____ .
(To be inserted by officer on copy left with defendant or other person)

## SHERIFF'S FEES

Service and return . . . . . . . . . . . . . . . . . . . . . $ _____
Miles _____ _____ _____
Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal):
By leaving a copy of the complaint with each individual defendant personally, as follows:

| **Name of Defendant** | **Date of Service** |
|---|---|
| _____ | |
| _____ | |
| _____ | |
| _____ | |
| _____ | |

(b) - (Individual Defendants- abode):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of the family, or a person residing there, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his or her usual place of abode, as follows:

| Name of Defendant | Person W/ Whom Left | Date of Service | Date of Mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

(c) - (Individual Defendants- Personal):
By leaving a copy and a copy of the complaint with the registered agent, officer or agent, officer or agent of each defendant corporation, as follows:

| Defendant Corporation | Registered Agent, Officer or Agent | Date of Service |
|---|---|---|

(d) - (Other Service):

_____ , Sheriff of _____ County

By _____ , Deputy

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

GEAROLD R. STINE                )
                                          )
   Plaintiff,               )
                                          )
vs.                           )     Case No. 2018-L-1331
                                          )
HOMAN TRUCKING, LLC,        )
IKE R. ROSE,               )
HOMAN & COMPANY, INC. and    )
A.B.C.D. TRANSPORTATION CO., INC.)
                                          )
   Defendants.             )

## SUMMONS

To the defendant: **A.B.C.D. TRANSPORTATION CO., INC.,** c/o Dustin Homan, 105 Pickney Street, P.O. Box 21, Marquand, Missouri 63655.

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your

appearance, in the office of the clerk of this court <u>MADISON COUNTY, EDWARDSVILLE,</u>

Illinois, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

      This summons must be returned by the officer or other persons to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

WITNESS        11/27/2018    , 20 _____

                /s/ Mark Von Nida

                Clerk of Court

                /s/ Mitchell Baird

                Associate Circuit Clerk-Deputy

Name: Brian J. Wendler
Attorney for: Gearold R. Stine II
Address: 900 Hillsboro Ave., Suite 10
City: Edwardsville
Telephone: 618-692-0011

Date of Service: _____ , 20 ____ .
(To be inserted by officer on copy left with defendant or other person)

### SHERIFF'S FEES

Service and return .......................... $ _____
Miles _____  ____ ____
Total ................................... $ _____
Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal):

By leaving a copy of the complaint with each individual defendant personally, as follows:

**Name of Defendant**                    **Date of Service**

_____

_____

_____

_____

_____

(b) - (Individual Defendants- abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of the family, or a person residing there, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his or her usual place of abode, as follows:

Name of Defendant   Person W/ Whom Left        Date of Service   Date of
Mailing

(c) - (Individual Defendants- Personal):

By leaving a copy and a copy of the complaint with the registered agent, officer or agent, officer or agent of each defendant corporation, as follows:

Defendant Corporation          Registered Agent, Officer or Agent   Date of
Service

_____

_____

_____

_____

(d) - (Other Service):

_____ , Sheriff of _____ County

By _____ , Deputy

***EFILED***
Case Number 2018L 001331
Date: 11/29/2018 4:05 PM
Mark Von Nida
Clerk of Circuit Court

## AFFIDAVIT OF SERVICE

| Case:<br>2018-L-<br>1331 | Court:<br>In The Circuit Court of The Third Judicial Circuit<br>Madison County IL | County:<br>Madison, IL | Job:     Third Judicial Circuit, Madison County Illinois<br>2849650 (2018-L-1331) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Gearold R. Stine | | Defendant / Respondent:<br>Homan Trucking, LLC, Ike R. Rose, Homan & Company, Inc. and<br>A.B.C.D. Transportation Co., Inc. | |
| Received by:<br>Always Available Services LLC | | For:<br>Wendler Law, PC | |
| To be served upon:<br>Homan & Company, Inc., c/o Danny L. Homan | | | |

I, Jim Frago, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Belinda Weekly, Pickney Street, Marquand , Mo

Manner of Service:   Substitute Service - Business, Nov 29, 2018, 10:55 am CST

Documents:   Summons and Complaint (Received Nov 28, 2018 at 12:00am CST)

Additional Comments:
1) Successful Attempt: Nov 29, 2018, 10:55 am CST at Pickney Street, Marquand , Mo received by Belinda Weekly. Age: 35; Ethnicity: Caucasian; Gender: Female; Weight: 180; Height: 5'8"; Hair: Blond; Relationship: Office Manager ;

Jim Frago                    11-29-18
                             Date

Always Available Services LLC
PO Box 764
Farmington, MO 63640

*Subscribed and sworn to before me by the affiant who is
personally known to me.*

Notary Public

11/29/18          6/27/2020
Date          Commission Expires

JAMES MICHAEL HISE
Notary Public · Notary Seal
STATE OF MISSOURI
Saint Francois County
My Commission Expires June 27, 2020
Commission # 16277504

***EFILED***
Case Number 2018L 001331
Date: 11/29/2018 4:05 PM
Mark Von Nida
Clerk of Circuit Court

## AFFIDAVIT OF SERVICE

| Case:<br>2018-L-1331 | Court:<br>In The Circuit Court of The Third Judicial Circuit<br>Madison County IL | County:<br>Madison, IL | Job:    Third Judicial Circuit, Madison County Illinois<br>2849659 (2018-L-1331) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Gearold R. Stine | | Defendant / Respondent:<br>Homan Trucking, LLC, Ike R. Rose, Homan & Company, Inc. and<br>A.B.C.D. Transportation Co., Inc. | |
| Received by:<br>Always Available Services LLC | | For:<br>Wendler Law, PC | |
| To be served upon:<br>A.B.C.D. Transportation Co., Inc., c/o Dustin L. Homan | | | |

I, Jim Frago, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Belinda Weekly, Home: 105 Pickney Street P.O. Box 21, Marquand, MO 63655

Manner of Service:   Substitute Service - Business, Nov 29, 2018, 10:47 am CST

Documents:   Summons and Complaint (Received Nov 28, 2018 at 12:00am CST)

Additional Comments:
1) Successful Attempt: Nov 29, 2018, 10:47 am CST at Home: 105 Pickney Street P.O. Box 21, Marquand, MO 63655 received by Belinda Weekly. Age: 35; Ethnicity: Caucasian; Gender: Female; Weight: 180; Height: 5'6"; Hair: Blond; Relationship: Office Manager ;

Jim Frago                    11-29-18
NA                           Date

Always Available Services LLC
PO Box 764
Farmington, MO 63640

Subscribed and sworn to before me by the affiant who is
personally known to me.

Notary Public

11/29/18          2/27/2020
Date              Commission Expires

JAMES MICHAEL HISE
Notary Public - Notary Seal
STATE OF MISSOURI
Saint Francois County
My Commission Expires June 27, 2020
Commission # 16277504