UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEAROLD R. STINE,

    Plaintiff,

v.

HOMAN TRUCKING LLC, IKE R. ROSE,
HOMAN & COMPANY, INC. and A.B.C.D.
TRANSPORTATION CO., INC.,

    Defendants.

Case No. 18-cv-2202-JPG-RJD

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant A.B.C.D. Transportation Co., Inc.'s ("ABCD") motion to dismiss Counts V and VI, the only claims against it, on statute of limitations grounds (Doc. 9). Plaintiff Gearold R. Stine has responded to the motion (Doc. 15), and ABCD has replied to that response (Doc. 19).

**I.**      **Standard for Dismissal**

The Court construes ABCD's motion to be pursuant to Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

This standard, however, will not prevent dismissal of a complaint that pleads too much. A case can be dismissed on a Rule 12(b)(6) motion because a complaint pleads facts establishing that the defendant is entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997); *see Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts establishing defense to his claim). This rule applies to a statute of limitations defense:

> Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.

*Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). This is what ABCD claims Stine has done in this case.

## II.     Facts and Procedural History

This case arose after a traffic accident on November 16, 2016. Stine alleges that, in that accident, a tractor-trailer driven by defendant Ike R. Rose rear-ended him on an interstate highway. Stine alleges that one or both of the Homan defendants—Homan Trucking LLC and Homan & Company, Inc.—owned the tractor-trailer, and that one or more of the defendants—Homan Trucking LLC, Homan & Company, Inc., and ABCD—was Rose's employer at the time of the accident.

Stine filed a lawsuit against Homan Trucking LLC and Rose on October 5, 2018, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. On November 2, 2018, he filed the Amended Complaint adding Homan & Company, Inc. as a defendant. On November 13, 2018, he once again sought leave to amend his pleading to add a defendant, ABCD, and attached a copy of the proposed Second Amended Complaint to the motion. The court granted

the motion on November 19, 2018, and deemed the Second Amended Complaint filed. The Second Amended Complaint bears a file stamp of November 19, 2018. On December 21, 2018, Homan Trucking LLC and ABCD removed the case from state court to this Court.

ABCD now asks this Court to dismiss Counts V and VI, the only claims against it, on the grounds that the Second Amended Complaint was filed after the two-year statute of limitations expired. *See* 735 ILCS 5/13-202 (two-year statute of limitations for Illinois personal injury actions). ABCD notes that the Second Amended Complaint was file-stamped with a date of November 19, 2018, three days after the limitations period expired on November 16, 2018.

Stine agrees that the two-year personal injury statute of limitations applies but argues that his Second Amended Complaint was actually "filed" on November 13, 2018, when he tendered it as an attachment to his motion for leave to amend. He cites no authority in support of the legal position that he is entitled to the filing date of the motion as opposed to the actual filing date.

In reply, ABCD cites *Bentley v. Hefti*, 34 N.E.3d 598 (Ill. App. Ct. 2015), in support of its argument that Stine is not entitled to deem the Second Amended Complaint filed the day he tendered it with his motion for leave to file it. In *Bentley*, the day before the statute of limitations expired, the plaintiff filed a motion for leave to supplement his complaint. *Id.* at 600. The court did not grant the motion until nearly a month later, after the statute of limitations had clearly expired. *Id.* The Illinois Appellate Court held that the claims against the new defendant were not "commenced" within the limitations period because the supplemental complaint required leave of court to be filed, *see* 735 ILCS 5/2-609, and the new claims therein were therefore not "commenced" until leave was granted. *Id.* at 601. Simply seeking leave was not enough. ABCD notes that, like supplemental complaints, amended complaints also require leave of court, *see McGinnis v. A.R. Abrams, Inc.*, 490 N.E.2d 115, 117 (Ill. App. Ct. 1986), so simply seeking

3

leave to amend does not "commence" an action for limitations purposes.

**III.    Analysis**

The Court finds ABCD has not carried its burden of showing it is entitled to dismissal in light of the doctrine of equitable tolling. "Generally, the doctrine of equitable tolling permits a court to excuse a plaintiff's failure to comply with a statute of limitations where because of . . . circumstances beyond his control, the plaintiff cannot reasonably be expected to file suit on time." *Williams v. Board of Review,* 948 N.E.2d 561, 567 (Ill. 2011) (internal quotations omitted); *see Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000) ("Equitable tolling of a statute of limitations may be appropriate . . . if the plaintiff has been prevented from asserting his or her rights in some extraordinary way. . . .").

> Equitable tolling can apply to permit the late filing of an amended complaint:
>
> As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion.

*Moore v. Indiana,* 999 F.2d 1125, 1131 (7th Cir.1993) (applying Indiana law); *see Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330, 334 (7th Cir. 2005) ("In determining whether an amended complaint meets the statute-of-limitations deadline, Illinois courts look to the date plaintiffs filed their motion to amend the complaint rather than the date the trial court grants the motion and files in the pleading.") (citing *Enzenbacher v. Browning-Ferris Indus. of Ill., Inc.,* 774 N.E.2d 858, 864 (Ill. App. Ct. 2002); *Onsite Eng'g & Mgmt., Inc. v. Ill. Tool Works, Inc.,* 744 N.E.2d 928, 933 (Ill. App. Ct. 2001)).

Here, Stine timely sought to add claims against ABCD three days before the statute of limitations expired. The only reason the claims were not "commenced" before that happened

4

was because the court did not rule on Stine's motion for leave to amend in time. Stine had absolutely no control over when the court would consider and rule on his motion, and this Court believes it would be inequitable to penalize him for this crucial delay caused solely by the court. Accordingly, the Court finds ABCD has not carried its burden of establishing as a matter of law that it is entitled to dismissal of Counts V and VI.

This result is not inconsistent with *Bentley*, which addressed only the question of when an action is "commenced." Under *Bentley*, Stine "commenced" his claims against ABCD when the Second Amended Complaint was filed November 19, 2018. However, *Bentley* did not address the application of equitable tolling, which would not alter the "commencement" time but would stop the statute of limitations from running for a period before that "commencement."

## IV. Conclusion

For these reasons, the Court **DENIES** ABDC's motion to dismiss (Doc. 9).

**IT IS SO ORDERED.**
**DATED:  March 21, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**