UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEAROLD R. STINE,

    Plaintiff,

v.

HOMAN TRUCKING LLC, IKE R. ROSE,
HOMAN & COMPANY, INC. and A.B.C.D.
TRANSPORTATION CO., INC.,

    Defendants.

Case No. 18-cv-2202-JPG-RJD

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Ike R. Rose's motion to strike Counts III through VI against him pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that those claims are redundant of the claims against him in Counts I and II (Doc. 10). Plaintiff Gearold R. Stine has responded to the motion (Doc. 16), and Rose has replied to that response (Doc. 20).

**I.    Standard for Striking**

Rule 12(f) governs whether to strike matters from a pleading. Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of the rule is to prevent unnecessary expenditures of time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are generally disfavored because they are often employed for the sole purpose of causing delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. *See, e.g., Anderson v. Board of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also*

*Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). The Court should not strike matter from a pleading pursuant to Rule 12(f) "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68. The burden on a motion to strike is upon the moving party. *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

## II.     Facts and Procedural History

This case arose after a traffic accident on November 16, 2016. Stine alleges that a tractor-trailer driven by Rose rear-ended him on an interstate highway. He alleges that one or both of the Homan defendants—Homan Trucking LLC and Homan & Company, Inc.—owned the tractor-trailer, and that one or more of the defendants—Homan Trucking LLC, Homan & Company, Inc., and A.B.C.D. Transportation Co., Inc. ("ABCD")—was Rose's employer or principal at the time of the accident.

Stine filed a lawsuit against Rose, Homan Trucking LLC, Homan & Company, Inc. and ABCD alleging that each is liable for his injuries under theories of negligence and willful and wanton conduct. Specifically, Stine believes Rose was negligent and was willful and wanton in his driving, and he seeks to hold Rose and his employer/principal (whichever defendant that may be) liable for Rose's driving conduct as well as for the decision to allow the allegedly unsafe rig on the road. In the Second Amended Complaint, Stine has organized his claims by Rose's potential employers: Counts I and II allege negligence and willful and wanton claims, respectively, against Homan Trucking LLC and its employee/agent Rose; Counts III and IV allege negligence and willful and wanton claims, respectively, against Homan & Company, Inc.

and its employee/agent Rose; and Counts V and VI allege negligence and willful and wanton claims, respectively, against ABCD and its employee/agent Rose. As a consequence, Counts I, III and V allege Rose was negligent in the same ways, and Counts II, IV and VI allege Rose behaved willfully and wantonly in the same ways. Rose asks the Court to strike all but the first of each type of claim against him—Counts I and II.

**III.    Analysis**

It is certainly true that Stine could have pled his claims against Rose in a less redundant fashion. However, each iteration of the claims against Rose arguably contain a distinguishing allegation—the identity of his employer/principal. More importantly, Rose has not shown how he is prejudiced by allowing the redundant claims to remain in the pleadings. Regardless of how many times the same allegations of his negligence and willful and wanton conduct are alleged, he will only have to conduct discovery and to defend against those allegations a single time. Furthermore, regardless of whether anything is stricken, the parties will still have to contend with the question of who employed Rose. Striking the redundant allegations simply serves no practical purpose, and leaving them in will not prejudice Rose.

To the extent Rose suggests Counts III and IV should be stricken because he was an employee of Homan Trucking LLC, not Homan & Company, Inc., that argument is not based on any pleading impropriety in the Second Amended Complaint for which striking is an appropriate remedy. Instead, it is based on a factual matter to be determined later in the case after the parties conduct discovery. Striking allegations at this stage because Rose believes there is no factual basis to support them is not appropriate.

To the extent Rose suggests Counts V and VI should be dismissed because those claims were filed after the statute of limitations expired, the Court has resolved that matter in a separate

order denying ABCD's motion to dismiss.

**IV. Conclusion**

For the foregoing reasons, the Court **DENIES** Rose's motion to strike Counts III through VI (Doc. 10).

**IT IS SO ORDERED.**
**DATED: March 26, 2019**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**